Mr. Justice Cox
delivered the opinion of the court :
; Several questions were made in these causes. For example, in one case process was actually served on the defendant, who was, at least temporarily,'living in the District and engaged in selling the very merchadise upon which the attachment was issued ; and it was a serious question whether the attachment law contemplates such a case, the object of the writ being accomplished in its service upon the defendant personally. Another question was whether the ruling of a court upon a motion to quash an attachment was subject to review in the* court in General Term. The judges had individual impressions upon these questions, but it was not considered necessary to settle them because the court was unanimous in their decision as to the sufficiency of the affidavits upon which these attachments were founded.
In each case the affidavit made by the plaintiff was fortified by an affidavit of a. single witness, and the main question relates to the sufficiency of the affidavit by the witness.
It seems to us that the act of Congress on this subject has been very generally misread. That act provides “ that the plaintiff, his agent or attorney, shall file, &c., an affidavit supported by the testimony of one or more witnesses, showing the grounds upon which he bases his affidavits, and also setting forth that the plaintiff has a just right to recover against defendant what he claims in the declaration.” This has generally been read as applying to the testimony of the witness, as well as to the affidavit of the plaintiff, and the practice has been to prepare the affidavits of the witnesses in the exact terms of the plaintiff’s affidavit.
Bnt this is not what the law intends. It intends that-the plaintiff or his agent shall file an affidavit showing or setting forth the grounds upon which he bases his affidavits, which affidavit is to be süpported by the testimony of one or more witnesses. Now it is not intended that the witnesses shall simply show the grounds on which the plaintiff bases his affidavit. Anybody can do that from a mere inspection of the plaintiff’s affidavit1 and without any knowledge of. the *94 facts. But that would not be testimony. It is intended that the witness shall testify to the truth of the grounds upon which the plaintiff bases his affidavit. 1
. Nothing could illustrate the laxity, of the practice more forcibly than the present cases. Here the plaintiff iu each case files a declaration, one of which contains counts for goods sold and delivered, for work done and materials furnished, for money lent, for money paid by plaintiff for defendant, for money received by defendant for use of plaintiff, and for money found due on aacount stated. The plaintiff’s affidavit states simply as a consideration, goods, wares and merchandise sold and delivered. The witness who testifies on behalf of the plain tiff, states that the grounds upon which the plaintiff bases his action in the aforesaid affidavit, are those stated in the declaration. The declaration states half a dozen different grounds, and the affidavit states only one ; so the affidavit is false upon the very face of the paper.
The same thing occurs in the other case, with the exception that the grounds referred to by the affidavit are those referred to by the plaintiff in his affidavit and declaration. But that is obnoxious to the same criticism, because in this case the plaintiff’s declaration sets forth some half dozen grounds of recovery, and his affidavit states only one. It is apparent, therefore, that the affidavit by the witness as to the grounds upon which the plaintiff bases his affidavit is quite insufficient; it is such as anybody could make from the inspection of the plaintiff’s declaration or affidavit. The other thing that the plaintiff is bound in his affidavit to set forth is the fact that he has a just right to recover what he claims in the declaration. This also must be supported by the testimony of witnesses.
Now, in each of these cases the witness testifies that the sum is justly owing the defendant as affiant verily believes'. The question is whether that is sufficient testimony to support the declaration. It is evident that the witness might make the affidavit in real ignorance of the facts of the case. He might make it from information derived from the plain* *95 tiff’ himself er he might make it from the inspection of the affidavit of the plaintiff alone and his belief in his veracity, but that would not be testimony.
There was a case reported in the second of W endell, in which an affidavit as to non-residence, as the affiant believes, was held sufficient, but a foot note to the report refers to some four or five other cases in which that was thoroughly overruled. One of these cases is reported in the 18th volume of Wendell’s Reports, page 611. The court there show that although some laxity prevailed upon the subject formerly in analogous cases of injunction, yet that lately the courts have been more strict in deciding what would be competent legal testimony to justify them in issuing either attachments or injunctions. In this case there was an affidavit of non-residence according to the information and belief of the witness, but the court was of opinion that the affidavit is insufficient. It says :
“ For aught we know, the witness may have been informed by the party who made the application. * * * In short, any kind of information that we can imagine would satisfy such an affidavit as was presented in this case. To receive it would be a complete evasion of the statute.”
It is upon these grounds that the court on a former hearing of this case concurred in the opinion that the affidavit upon which the motion was based was insufficient, and that the court below was right in quashing the attachment upon, motion ; and upon a review of the case, in the light of all the authorities cited on the part of the plaintiff’, we see no ground for reconsidering that action or allowing a rehearing in the case. The motion, therefore, must be overruled.